PER CURIAM.
Appellant Reddick appeals from a final order of the Leon County School Board *758 which discharged him from employment with the board as a systems analyst and denied award of back pay. We affirm.
On March 5,1979, appellant was suspended with pay by letter from school superintendent Ed Fenn. The letter informed appellant that he was being suspended for erratic work behavior and operating his own private business when he should have been working for the school board. The letter further informed him that Fenn would seek his suspension without pay at the next regularly scheduled school board meeting, which was to be on March 6, 1979. Appellant was suspended without pay by the school board at the March 6 meeting, which neither appellant nor his attorney attended.
On April 11, 1979, Superintendent Fenn filed a formal notice of charges against appellant and the matter was referred to DOAH for a formal hearing pursuant to § 120.57(l)(a), Florida Statutes. The notice of charges alleged: (1) appellant was absent from work from February 15 through March 2, during which period he willfully neglected his duties at the data processing center; (2) on March 1, appellant committed misconduct in office in that he represented to his supervisor that, for medical reasons, he was unable to return to work when, in fact, he was operating a private business during regular school work hours; (3) appellant is guilty of willful neglect of duties and misconduct in office in that he operated a private business during regular school hours.
After hearing the evidence, the hearing officer recommended that the charges be dismissed and that appellant be reinstated with back pay. The school board then rejected the hearing officer’s conclusion, found appellant guilty as charged and dismissed him from employment pursuant to § 231.36, Florida Statutes. The board found that certain of the hearing officer’s findings, such as his finding that appellant had obtained a doctor’s excuse for his sick leave, were not based on competent substantial evidence since the doctor in question had not seen or examined appellant since November 1977, and he had not talked directly with appellant during the period in question. The board also rejected the hearing officer’s finding that, during his “sick leave,” appellant did not engage in a promotional tour in Texas on behalf of another business he owned. Appellant himself testified that he made the trip to Texas at the time the promotion was taking place, he solicited support for a “live burial” event, and he was able to visit numerous bars while there.
Appellant contends that the school board erred in rejecting the findings of the hearing officer in that the hearing officer’s recommended order was supported by competent substantial evidence. After reviewing all of the evidence in the record, we find a lack of competent substantial evidence to support the findings of the hearing officer and we find competent substantial evidence to support the findings of the school board.
Appellant also challenges the procedures used by the board in suspending and dismissing him. We find that the procedures used did not depart from the requirements of Florida law and constitutional mandates.
AFFIRMED.
McCORD, SHIVERS and JOANOS, JJ., concur.